UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JAMES M. CROWE and
VALERIA J. CROWE,

                 Plaintiffs,              09 Civ. 778

     -against-

JPMORGAN CHASE & CO., as successors
in interest to THE BEAR STEARNS
COMPANIES, INC., ALAN D. SCHWARTZ,
SAMUEL L. MOLINARO, JR., AND
Alan c. Greenberg,

                 Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11 18 09

------------------------------------X

IN RE BEAR STEARNS COMPANIES, INC.      08 MDL 1963
SECURITIES, DERIVATIVE, AND ERISA
LITIGATION                                OPINION

This Document Relates To:

     Securities Action, 08 Civ. 2783

------------------------------------X

A P P E A R A N C E S:

               Attorneys for Plaintiffs

               LAW OFFICE OF CHRISTOPHER J. GRAY, P.C.
               460 Park Avenue, 21st Floor
               New York, NY  10022
               By:  Christopher J. Gray, Esq.

               Attorneys for Defendant
               J.P. Morgan Chase & Co.

               PAUL, WEISS, RIFKIND, WHARTON & Garrison LLP
               1285 Avenue of the Americas
               New York, NY  10019
               By:  Brad S. Karp, Esq.
                     Eric S. Goldstein, Esq.

Attorneys for Defendants
Alan D. Schwartz and
Samuel L. Molinaro, Jr.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square, 42nd Floor
New York, NY  10036
By:  Susan L. Saltzstein, Esq.

Attorneys for Defendant
Alan C. Greenberg

SCHULTE ROTH & Zabel LLP
919 Third Avenue
New York, NY  10022
By:  Alan R. Glickman, Esq.
     Marguerite E. Gardiner, Esq.

**Sweet, D.J.**

The plaintiffs James M. Crowe and Valerie J.
Crowe (together, the "Plaintiffs") have moved not to
consolidate this action with the consolidated securities
actions brought against defendants JPMorgan Chase & Co.
("JPMorgan"), Alan D. Schwartz, Samuel L. Molinaro, Jr.,
and Alan C. Greenberg (collectively, the "Defendants").

## Prior Proceeding

On Monday, March 17, 2008, the day after it was
announced that JPMorgan would acquire Bear Stearns, the
first of eight individual and putative class actions
alleging violations of the federal securities laws was
filed against Bear Stearns.  On December 29, 2008, this
Court issued an opinion regarding, inter alia,
consolidation of the actions (the "Opinion").  The Court
held, in relevant part, that "all of the [securities] cases
. . . involve common questions of law and fact sufficient
to warrant consolidation."  (Op. at 14.)  In response to
objections to consolidation by plaintiffs with complaints
focused exclusively on the week of March 10, the week
leading up to ear Stearns' collapse, the Court ruled that:

1

> Like the other Securities Actions, Greek Orthodox
> and Schwartz allege that Defendants
> misrepresented and/or omitted to state material
> facts about the true status of Bear Stearns,
> which ultimately led to its collapse, and allege
> violations of Sections 10(b) and 20(a) of the
> Exchange Act.  Without more, the fact that two
> complaints involve a more limited class period is
> not sufficient to prevent consolidation.

(Op. at 16.)  The Court issued an order on January 5, 2009

(the "Order") consolidating the securities actions (the

"consolidated actions") under the caption In Re The Bear

Stearns Cos., Inc. Securities Litigation, No. 08 Civ. 2793

and appointing State of Michigan Retirement Systems

("SMRS") lead plaintiff.  (Pl. Ex. A ¶¶ 102.)  The Order

provided for the automatic consolidation of any new actions

related to the consolidated actions unless a party objects

"within ten (10) days of the date upon which a copy of

the[e] Order is served on counsel . . . ."  (Id. ¶ 21.)

The Court also ordered the Clerk of the Court to mail a

copy of the Order to attorneys for the parties in any new

related actions.  (Id. ¶ 20(b).)  On February 27, 2009,

SMRS filed a consolidated amended class action complaint

("the consolidated complaint") in the securities

litigation.

On January 27, 2009, the Plaintiffs filed their complaint, which, like the consolidated complaint, alleges violations of the federal securities laws based on alleged misstatements by Defendants during the week of March 10, 2008. This action was immediately referred to the Court as possibly related to the consolidated actions.

On June 4, 2006, over four months after they filed the complaint, the Plaintiffs moved to oppose consolidation of their complaint with the consolidated actions. The motion was marked fully submitted on July 15, 2009.

## The Plaintiffs' Motion is Timely

There is no dispute that the Order imposes a ten-day deadline for opposing consolidation. The Plaintiffs, however, imply that the deadline is triggered only by receipt of a mailed copy of the Order from the Clerk of the Court. (Pl. Mot. At 1 n.2 ("The Clerk has not yet mailed a copy of the January 6, 2009 Order to the undersigned counsel herein.").) While the Order instructs the Clerk of the Court to mail a copy of the Order to counsel for Plaintiffs in related actions (Pl. Ex. A. ¶ 20(b)), the

3

time for opposing consolidation is not, as Plaintiffs
contend, specifically tied to the mailing.  Instead, the
Order specifies that Plaintiffs have ten days from service
of the Order to object to consolidation.  (Id. ¶ 21.)

On March 19, 2009, counsel for Bear Stearns wrote
to the Clerk of the Court pursuant to the Order, notifying
him of several related actions, including Crowe.  Counsel
for Plaintiffs was copied on that letter, which attached a
copy of the Order.  Service of the Order is required to
trigger the time to object to consolidation.

**The Motion Is Denied**

As this Court recently held, consolidation is
appropriate "where actions before the Court involve common
questions of law or fact" and where consolidation "serve[s]
the interest of 'judicial economy' and "avoid[s]
'unnecessary costs or delay.'"  (Op. at 10; 14.)  With
respect to the consolidated actions, the consolidation was
appropriate because the actions are "'predicated on the
defendants' purported misstatements and omissions (which
allegedly resulted in inflated earnings and revenue) and
the effect of such conduct on the price of [company] stock

4

when the conduct came to light.'" (Op. at 14 (citing Pinkowitz v. Elan Corp., PLC, No. 02 Civ. 865, 2002 WL 1822118, at *2 (S.D.N.Y. July 29, 2002).)

Like the consolidated actions, Crowe arises out of the collapse of Bear Stearns in March 2008 and alleges "that Defendants issued materially false and misleading statements regarding the Company's business and financial results, resulting in the trading of Bear Stearns stock at artificially inflated prices during the relevant time period." (Op. at 5; see also Pl. Mot. At 204.) These cases also share many of the same causes of action and defendants. Both Crowe and the consolidated actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act and Rule 10b-5. In addition, all of the defendants named in Crowe are also named in the consolidated actions. Moreover, the time period and statements alleged in Crowe are fully encompassed in the consolidated complaint. Plaintiffs recognize that Defendants' alleged misstatements during the week of March 10, upon which the Crowe complaint is based, are included in the consolidated complaint. (See Pl. Mot. At 5.)

5

The Plaintiffs argue that their complaint is more limited in time, which is not a sufficient basis to prevent consolidation.  The substantial overlap of facts, law, and defendants weight in favor of consolidation, which will promote the just and efficient litigation of these cases. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990).  In contrast, permitting Crowe to proceed separately would mean substantial overlap in pleadings and responses, and in the document discovery and witness testimony sought by Plaintiffs, which would result in inefficiencies, waste of judicial resources, unnecessary confusion, and duplicative discovery, in addition to raising the possibility of inconsistent results.

The Plaintiffs contend that there is "limited temporal and factual overlap" between Crowe and the consolidated actions (Pl. Mot. At 7-9) and that the scope of discovery in the consolidated actions will likely be significantly broader than what Plaintiffs require, and thus would subject them to unnecessary "inefficiency and expense."  (Pl. Mot. At 8-9.)

The Court has already considered and rejected these arguments, which were make by plaintiff, Greek

6

Orthodox, and joined by plaintiff, Schwartz, prior to the
consolidation of both actions pursuant to the Order.  In
its motion for appointment as lead plaintiff, Greek
Orthodox argued that its March 12 to March 14, 2008 class
period made it unique and that consideration would be
inefficient, unfair and would "burden[] [it] with
extraneous issues and unnecessary discovery disputes if it
is consolidated with the other actions."  (08 Civ. 3013,
Dkt. 16 at 7.)  In its Opinion, the Court rejected these
arguments, holding:

> Like the other Securities Actions, Greek Orthodox
> and Schwartz allege that Defendants
> misrepresented and/or omitted to state material
> facts about the true status of Bear Stearns,
> which ultimately led to its collapse, and allege
> violations of Sections 10(b) and 20(a) of the
> Exchange Act.  Without more, the fact that two
> complaints involve a more limited class period is
> not sufficient to prevent consolidation.

(Op. at 16.)  Like Greek Orthodox, the Plaintiffs'
objections to consolidation are rejected.  See also
Pinkowitz, 2002 WL 1822118, at *3 ("[W]hile particular
plaintiffs may disagree on the precise confines of the
relevant class period, these differences also do not
preclude consolidation.")  (citing Skwortz v. Crayfish Co.,

7

Ltd., No. 00 Civ. 6766, 2001 WL 1160745, *2 (S.D.N.Y. Sept. 28, 2001)).

Plaintiffs have not cited authority supporting a denial of consolidation based solely on a difference in the time period covered by the complaints. In fact, in all but three of the cases cited by Plaintiffs, the courts found that consolidation was appropriate. The remaining cases have been distinguished by the Defendants.

Plaintiffs' contention that they will be prejudiced by the "voluminous discovery" and more complex consolidated securities action also fails to overcome the presumption in favor of consolidation. "{S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." Primavera Familienstiftung v. Askin, 178 F.R.D. 115, 129 (S.D.N.Y. 1997); see also In re Enron Corp. Sec. Litig., 206 F.R.D. 427, 436-437 (S.D.Tex. 2002) (consolidating individual action with class action due to the "interests of proceeding in such a complex litigation in an orderly manner" over counsel's objections that consolidation would be burdensome by forcing them to participate in discovery

8

and proceedings unrelated to their action and subjecting
them to the extended schedule for the class action).

The cases cited by the Plaintiffs do not compel a
different result, and in fact support consolidation.  In
Stein, Hall & Co. v. Scindia Steam Navigation Co., 264 F.
Supp. 499, 501 (S.D.N.Y. 1967), consolidation was granted
despite potential differences between the cases in proof
and evidence of damages.  Consolidation was also granted in
Werner v. Satterlee, Stephens, Burke & Burke, 797 F. Supp.
1196, 1210-12 (S.D.N.Y. 1992) despite the fact that the
cases were in different stages and had some factual
differences, as has been alleged here by the Plaintiffs.
Capstraw v. New York Cent. R. Co., 15 F.R.D. 267, 268
(N.D.N.Y. 1954) is inapposite, as no conflict exists
between the Crowes and SMRS.  In Arroyo v. Chardon, 90
F.R.D. 603, 604-06 (D.P.R. 1981), consolidation was denied
due to the need for particularized proof of political
discrimination by the defendant against each individual
plaintiff and the possibility of prejudice to the defendant
due to juror confusion of the facts of each individual
case.  No similar situation exists here, where the Crowes
are part of the plaintiff class on whose behalf SMRS is
leading this action.  In Katz v. Realty Equities Corp., 521

9

F.2d 1354, 1362 (2d Cir. 1975), the Second Circuit upheld

consolidation, dismissing remote possibilities of

prejudice, Kos Pharms., Inc. v. Barr Labs, Inc., 218 F.R.D.

38 (S.D.N.Y. 203) deals with Rule 42(b) and bifurcated

trials.

The Plaintiffs and SMRS are both part of the same

class of persons and entities who purchased or otherwise

acquired Bear Stearns' securities at artificially inflated

prices.  Courts have routinely consolidated individual

securities actions with class actions, given the obvious

benefits in terms of efficiency and judicial economy.  See,

e.g., In re WorldCom, Inc. Sec. Litig., 02 Civ. 03288, 2003

WL 21219037, *2-4 (S.D.N.Y. May 22, 2003); In re Global

Crossing, Ltd. Sec. Litig., 02 Civ. 910, 2004 U.S. Dist.

LEXIS 23119, at *6 (S.D.N.Y. Nov. 5, 2004).  As SMRS has

noted previously, a single lead plaintiff can represent

purchasers of other types of securities.  See, e.g.,

Aronson, 79 F. Supp.2d at 1150-51.  In its earlier Order,

the Court assured all of the securities plaintiffs that

their interests will be adequately safeguarded, and in a

largely similar situation regarding the Kentmill

Investments, Ltd. plaintiff group, Case No. 09 Civ. 00169,

Dkt. No. 11, SMRS agreed to "submit a proposed Stipulation

and Order to the court that sets forth a procedure governing individual actions such as Kentmill that is similar to the procedure adopted in the WorldCom action," and that Stipulation and Order can also govern the Plaintiffs.  See In re WorldCom, Inc. Sec. Litig., No. 02 Civ. 3288, slip op. at 11-14 (S.D.N.Y. May 22, 2003). Notwithstanding SMRS' ability and willingness to prosecute the Plaintiffs' claims, the Court has the full authority to ensure the protection of individual plaintiffs against Bear Stearns, if necessary, as the case progresses. Furthermore, consolidation will have no impact on the Plaintiffs' ability to opt out of any class certified in the Securities Action and pursue their case as an individual action, distinguishing this situation from that in Garber v. Randell, 477 F.2d 711 (2d Cir. 1973), a case cited by plaintiffs.

In the current situation, the Plaintiffs seek to bring the very same claims as SMRS pursuant to Sections 10(b) and 20(a) and SEC Rule 10b-5, plus a common law fraud claim, and to rely on the same fraud on the market presumption to establish that Bear Stearns' stock was artificially inflated.  Crowe Compl., ¶¶ 46-66.  SMRS' claims arise out of the same course of events and are

11

predicated on the same legal theories as the other members of the putative class, including the Plaintiffs, and SMRS' interests are aligned with the interests of the other members of the class.  See In re Enron Corp. Sec. Litig., 206 F.R.D. 427, 451 (S.D. Tex. 2002); In re Cendant Corp. Litig., 182 F.R.D. 476, 480 (D.N.J. 1998) (refusing to appoint separate lead plaintiffs and counsel for separate groups of investors since "what matters here is that the claims of every member or constituent group of the putative class arise from the same false or allegedly fraudulent representations of [the defendants]").

**Conclusion**

For the reasons set forth above, the Plaintiffs' motion not to consolidate is denied.

It is so ordered.

New York, NY
November 17, 2009

ROBERT W. SWEET
U.S.D.J.

12